DREW, Justice.
A judgment of the Board of Governors of The Florida Bar suspending the Respondent Francisco A. Rodriguez from the practice of law for the period of two years and assessing costs of the disciplinary proceedings in the amount of $220.20 has been duly filed in this Court and a copy thereof served upon the Respondent. The time for filing an application for review of said judgment has expired.
The record discloses that four separate complaints containing nine charges of professional misconduct were consolidated in this case. At final hearing The Florida Bar was unable to present evidence on all pending charges because certain witnesses were unavailable. The Respondent, who was notified of final hearing and who had been subpoened to testify at final hearing, failed to appear either in person or by counsel.
After hearing and consideration of all available evidence, the Referee found Respondent guilty upon the following two charges:
Case No. 13-67-49: Complainant, Eva Mae Livingston, was represented by re *100 spondent in a personal injury suit. A recovery of $2,300 was made, 40% contingent fee was paid to respondent and a settlement or closing statement prepared by the respondent was given to the complainant together with her share of said proceeds. After settlement, several creditors continued to be unpaid in spite of the fact that respondent had retained funds from the settlement to pay them. Because respondent failed to attend the hearing, an exact accounting is not available. The referee found that more than $350 of medical expenses remained unpaid.
Case No. 13-67-22: The respondent was retained as attorney for Cora Evans, ad-ministratrix of the estate of John Evans, deceased, in probate proceedings pending in Hillsborough County. The principal asset of the estate was the homestead of decedent which was being condemned by public authority. The evidence shows that the respondent mishandled this estate by improperly dispersing the proceeds of the condemnation, by negotiating and accepting a $600 attorney’s fee from his client, the administratrix, without disclosing to her that he was awarded an attorney’s fee of $1250 from the condemning authority. Finally, respondent has not yet rendered a final accounting and the estate is not closed despite many requests of heirs, the administratrix and the presiding judge that necessary final action be taken.
Upon consideration, the Board of Governors found Respondent guilty not only upon the above two charges, but also upon two additional charges identified as Cases No. 13-67-76 and 13-68-52. The Referee made no recommendation of guilt in either of the latter two cases and made no finding of fact in Case No. 13-68-52.
We concur in the Board’s finding of guilt on the two charges set forth above in Cases No. 13-67-49 and 13-67-22. The Board erred, however, in finding Respondent guilty upon charges in Cases No. 13-68-52 and 13-67-76, in the absence of a recommendation of guilt from the Referee. These two cases are therefore remanded to the Board for further remand to the Referee, that he may make an appropriate recommendation as to Respondent’s guilt or innocence of the charges.
We approve the Board’s remand to the Referee for further proceedings and report Cases No. 13-67-32, 13-67-74 and 13-68-21.
Thereupon it is ordered and adjudged that Respondent be suspended from the practice of law for a period of two years and thereafter until he shall demonstrate his rehabilitation, and that he shall pay the costs of these proceedings in the amount of $220.20, for which let execution issue.
It is so ordered.
ERVIN, C. J., and ROBERTS, CARLTON and ADKINS, JJ., concur.